■  JAMES G. HILDERBRAND, Respondent, v. MARGARET HILDERBRAND, Appellant.— Appeal from judgment granting a divorce and from an order denying motion to amend the answer to include a separation agreement for support. In this action the issue was joined on October 1, 1959 and at an Equity Term for the County of Schenectady which commenced on December 14 of the same year, at the calendar call the case was set for trial on December 15 without objection. The plaintiff was in the United States Navy and home on leave at that particular time. When the case was called on the 15th the defendant's counsel appeared and presented a certificate from a doctor which stated that

the defendant was unable to leave her home because of illness but giving no date when she would be physically able to appear in court. At the request of the attorney for the plaintiff, the court appointed a doctor to make an examination of the defendant and who on the following day reported to the court that while she had numerous complaints she was physically able to attend court. At the request of defendant's counsel, the matter was adjourned until December 16 and when defendant failed to appear at that time, the plaintiff moved the case for trial. Four witnesses testified on behalf of the plaintiff and all were cross-examined in considerable detail by the defendant's counsel. The plaintiff's case was completed and after motions for dismissal were denied, counsel for defendant moved for an adjournment which the court granted until December 17 and when the defendant failed to appear on that date, granted a further adjournment to December 21 with the advice that the matter would be finally decided on that date. On the return date the defendant again failed to appear. No further evidence as to her condition was offered except a hearsay statement by her counsel that she was unable to come to court. Thereafter the defendant's counsel called the plaintiff as part of his affirmative case for the purpose of identifying a separation agreement which the parties had entered into prior to the action for divorce. It was offered in evidence but upon objection the court refused to receive it on the ground that the agreement was not pleaded in the answer. Thereafter a motion to amend was made and denied by the court on May 6 "without prejudice to establish the separation agreement by an independent action or motion". The court by memorandum decision found the plaintiff entitled to the relief sought and a judgment of divorce was formally entered on July 12, 1960. During this intermission period of approximately six months from the date of the trial, no affirmative action was taken by the defendant. The trial court properly exercised its discretion as to the terms and conditions for the trial of the action. On the adjourned date of December 21, 1959, there was no further evidence before the court that the defendant was physically incapacitated but there was the statement of the court-appointed physician of her ability to attend court as of December 15. If the defendant was serious about the claim of prejudice there was ample opportunity from the last date of the trial to the entry of judgment to move to reopen so that the defendant might have the opportunity of testifying or presenting witnesses. As to the motion to amend the answer to include the separation agreement, the trial court found defendant had offered "no justifiable reason why the separation agreement was not pleaded in the original answer" and determined the reason for the late offer was to "delay and impede the trial" and made a further finding that granting the motion would be prejudicial to the plaintiff. The motion was denied without prejudice. We assume that in exercising his discretion the court was taking into consideration among other factors that the plaintiff was in the United States Navy and not readily available. From the record before us we are convinced that in all the proceedings before the trial court he properly exercised his discretionary powers. Judgment and order unanimously affirmed, with costs.